IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3158-CV-C-WAK |
| | ) |
| JAY STEVENS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Western World Insurance Company (Western World) filed this action seeking a judgment declaring its rights and obligations under a Commercial Lines insurance policy issued to Jay Stevens, d/b/a Service Right Lawn Care (Service Right). At issue is the obligation of plaintiff to defend and indemnify Service Right in an action pending in the Circuit Court of Benton County, Missouri, which was filed by defendant Sandy Cooper for personal injuries.

Cooper filed a personal injury suit in Benton County, Missouri, against defendant Invesco Properties, Inc., (Invesco) after she slipped and fell on ice and snow on Invesco's property. She claims Invesco was negligent in cleaning and maintaining the walkways and parking lot, which had been improperly cleared. Invesco apparently had contracted for snow and ice removal with Service Right, and thus, filed a third-party petition seeking reimbursement, indemnification and/or contribution in the Benton County, Missouri, case against Service Right.

A consent judgment has been agreed upon in the Benton County, Missouri, case between Cooper and Jay Stevens, subject to an agreement, pursuant to Mo. Ann. Stat. § 537.065 (West 2000). That agreement limits Cooper's right to execution on the judgment "to Defendant Stevens' insurance coverage, and an assignment of Jay Stevens to Sandy Cooper of all rights of Jay Stevens as related to this action and the policy in question." (Doc. 34 at 2.)

Western World asserts there is no coverage under the policy because Service Right failed to disclose on its insurance application that snow removal was a part of its lawn care business operations and that snow removal was not a part of the business operations which were insured.

On October 20, 2006, Western World filed a motion for summary judgment. Defendants responded in opposition .

## Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

The issue in this case is whether the insurance policy issued by plaintiff covers Service Right's snow removal business and affords coverage for a loss associated with that business. The parties do not dispute material facts, but disagree on whether the language of the policy includes the injuries sustained by defendant Cooper. Thus, the matter is a question of law. See Hocker Oil Company, Inc. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d 510, 514 (S.D. Mo. 1999).

2

Interpretation of an insurance policy is a matter of state law. Here, Missouri law applies and the insured has the burden of proving coverage exists. If an exclusion to the policy was at issue, the insurer would have the burden of proof. American Family Mutual Insurance Co. v. Co Fat Le, 439 F.3d 436, 439 (8th Cir. 2006). Plaintiff has not relied upon an exclusion to the policy. It denies that any coverage exists in this policy for the snow removal business. Thus, Service Right has the burden of proving coverage.

Service Right states Jay Stevens contacted insurance agent Mike Hood to obtain insurance for his business. Hood completed a commercial insurance application form for defendant and listed "lawn mowing - upkeep" as the nature of the business. When Stevens reviewed the form and signed it, he assumed Hood knew the range of his business and that the description included all of his business. He states the business trucks used by Service Right had the name of the business and "Lawn Care and Snow Removal" on the doors. Further, the business operated in a small town where almost everyone knew each other.

When the insurance policy was issued by plaintiff, the classification on the page for commercial liability coverage declarations was listed as landscape gardening. A provision in the policy states that the insurance applied only to business operations described on the declarations page. Plaintiff does not consider snow removal to be included as a business operation for landscape gardening. A footnote for landscape gardening in the rapid rater form used by Western World Insurance Company states, "[a]ny snowplowing should be referred for approval or excluded." (Doc. 45, Exh. A.)

Service Right claims it would not have taken out a policy that included coverage for only a portion of its operations and that snow removal is commonly considered a part of the landscape business. Further, it states that some of the same equipment is used for both lawn care and snow removal, and that it operates a year-round business.

Defendant notes snow removal equipment and supplies are regularly advertised in landscape trade publications, and snow removal is listed as a service in a substantial portion of the telephone directory yellow pages listings/advertisements for landscape contractors and lawn maintenance businesses in the relevant geographical area.

Plaintiff notes that Mick Hood, the agent who completed the application form, was not an agent for Western World and that the producing agent on the policy was M.J. Kelly of Springfield, Missouri.

"Missouri law regards insurance policies as contracts to which the rules of contract construction apply. When an insurance policy is ambiguous, a court shall construe it using contractual rules of construction. Furthermore, if an insurance policy is ambiguous, the policy shall be construed against the insurer. If a policy is not ambiguous, its express terms will be enforced as written." Hocker Oil Company, Inc. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d at 514 (internal citations omitted).

Ambiguity is construed against the insurer because the purpose of an insurance policy is to provide protection for the insured. The insurer drafted the policy and should not be permitted to benefit when there is duplicity, indistinctiveness or uncertainty in the meaning of the words. When the language is reasonably open to different interpretations, it will be viewed in the meaning that would ordinarily be understood by the layman who bought and paid for the policy. Hocker Oil Company, Inc. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d at 514.

After reviewing the parties' briefs, relevant case law, and the evidence submitted in this case, the court finds plaintiff is entitled to judgment as a matter of law. There is no evidence in the record before the court that the insurer knew or had reason to know that defendant's business included snow removal. The application for insurance listed "lawn mowing - upkeep" as the nature of the business. Stevens does not appear to have talked with or had any communication directly with any agent or employee of Western World. Western World cannot be held liable for knowledge held by Hood, who was not its employee or agent, in the absence of evidence indicating that Hood communicated that information to the insurer.

Further, in Missouri, a reasonable lay person would be unlikely to consider snow removal as a normal or expected part of "lawn mowing - upkeep" or landscape gardening. The court might reach a different conclusion if the business was located in an area such as the South Pole where snow is always part of the landscape. In Missouri, however, landscaping/lawn and gardening generally refer to lawn care, plantings, plant maintenance, and upkeep of the areas around such plantings. Service Right's evidence simply does not establish that snow removal is a generally accepted part of landscape gardening. It merely shows that in some cases, a snow

4

removal business is conducted by the same companies that engage in the landscape gardening business and some of the same equipment may be used for both businesses.

The footnote in the rapid rater form submitted by the parties indicates that snow removal should be approved or excluded for landscape gardening businesses. The lack of approval or exclusion appears to further support the position that the insurer had no knowledge Service Right's business included snow removal.

The court is sympathetic with Service Right's position that it would not have intentionally purchased the policy if it had known the policy did not cover the full range of its year-round business operations. Nevertheless, that good intent does not change the lack of disclosure to Western World of the snow removal business. In this case, the policy language includes coverage for landscape-gardening business operations but not snow removal business operations.

Accordingly, it is

ORDERED that plaintiff's motion of October 20, 2006, for summary judgment is granted and this case is dismissed. [31]

Dated this 12th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 6:06-cv-03158-WAK   Document 50   Filed 03/12/07   Page 5 of 5